IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02787-BNB

GEORGE DEAN WASHINGTON,

Plaintiff,

v.

DEPUTY R. FANNIN,
SERGEANT MOLACH,
LIEUTENANT HEINLE, and
SHERIFF TERRY MAKETA,

Defendants.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 4 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff George Dean Washington currently is incarcerated at the El Paso County Criminal Justice Center, where he is serving a sentence that will terminate on April 5, 2009. Mr. Washington has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his Sixth Amendment rights were violated when Defendants failed to inform him of his right to an attorney at an "in-house" disciplinary proceeding. Plaintiff contends he was entitled to representation at the disciplinary proceeding because the assault charges at issue in the hearing may lead to criminal assault charges being brought against him. Plaintiff seeks money damages if he is not released on April 5, 2009, and he is charged with criminal assault.

The Court must construe the Prisoner Complaint liberally because Mr. Washington is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.* For the reasons stated below, the Complaint and the action will be dismissed.

Mr. Washington may not recover damages for his Sixth Amendment claims because the claims challenge the validity of a possible conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed." *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999).

A judgment in favor of Plaintiff's Sixth Amendment claim necessarily would imply the invalidity of his state court criminal proceedings. Therefore, Plaintiff's claims for

2

damages are barred by *Heck* and will be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

DATED at Denver, Colorado, this 14 day of January, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02787-BNB

George Dean Washington
Prisoner No. A0235664
El Paso County Sheriff's Office
2739 E Las Vegas
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/14/09

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk